IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Tinsley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 7925 |
| Integrity Financial Partners, Inc., a Kansas corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Christopher Tinsley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Christopher Tinsley ("Tinsley"), is a citizen of the State of North Carolina from whom Defendant continued to attempt to collect a delinquent consumer debt, despite the fact that he had demanded through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Integrity Financial Partners, Inc. ("Integrity"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Integrity operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois.  Moreover, Integrity was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Integrity is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State, which is attached as Exhibit A.  In fact, Integrity conducts business in Illinois.

6. Defendant Integrity is licensed to act as a collection agency in Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit B.  In fact, Integrity acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Tinsley is a disabled man, with limited assets and income, who fell behind on paying his bills, including a credit card debt.  When Defendant Integrity began trying to collect a debt from Mr. Tinsley, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Integrity's collection actions.

8. On September 11, 2009, one of Mr. Tinsley's attorneys at LASPD wrote to Integrity, informing Integrity that Mr. Tinsley was represented by counsel, and directing

Integrity to cease contacting him, and to cease all further collection actions because Mr. Tinsley was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. On September 14, 2009, one of Defendant Integrity's debt collectors, "Gerald", called LASPD, and demanded that LASPD call him back about Mr. Tinsley's debt. When LASPD returned that call, Defendant's debt collector demanded that Mr. Tinsley make arrangements to pay the debt. The paralegal from LASPD reiterated to the debt collector that Mr. Tinsley had refused to pay the debt and that he had demanded that Integrity cease collections on the account.

10. All of Defendant Integrity's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Integrity's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692c(c) Of The FDCPA --
Failure To Cease Collections**

12. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

13. Here, the letter from Mr. Tinsley's agent, LASPD, told Defendant Integrity to cease collections because Mr. Tinsley refused to pay the debt (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Integrity violated § 1692c(c) of the FDCPA.

14. Defendant Integrity's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Christopher Tinsley, prays that this Court:

1. Find that Defendant Integrity's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Tinsley, and against Defendant Integrity, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christopher Tinsley, demands trial by jury.

                          Christopher Tinsley,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: December 22, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com